[Civ. No. 54177. Second Dist., Div. Two. Mar. 2, 1979.]

**MCA RECORDS, INC., Plaintiff and Respondent, v.
OLIVIA NEWTON-JOHN, Defendant and Appellant.**

**COUNSEL**

Engel & Engel, Donald D. Engel and John E. Mason, Jr., for Defendant and Appellant.

Rosenfeld, Meyer & Susman and Robert M. Dudnik for Plaintiff and Respondent.

## OPINION

**FLEMING, J.**—Defendant Olivia Newton-John, a singer, appeals a preliminary injunction restraining her from recording for anyone other than plaintiff MCA Records while MCA's action is pending "or until April 1, 1982, if that date shall occur during the pendency of this action."

In reviewing a preliminary injunction on appeal, we interpret the facts in the light most favorable to the prevailing party, and indulge all intendments and reasonable inferences in support of the trial court's order. (*People* v. *Columbia Research Corp.* (1977) 71 Cal.App.3d 607, 610 [139 Cal.Rptr. 517]; *City and County of San Francisco* v. *Evankovich* (1977) 69 Cal.App.3d 41, 54 [137 Cal.Rptr. 883].)

On April 1, 1975, the parties entered the following agreement: Defendant Newton-John would record and deliver to plaintiff master recordings for two albums per year for an initial period of two years, and, at plaintiff's option, further similar recordings for three additional periods of one year each. If defendant failed to deliver a recording when due, plaintiff would become entitled to extend the term of the agreement. In return, plaintiff would pay defendant royalties and a nonreturnable advance of $250,000 for each recording received during the initial two years, and an advance of $100,000 for each recording received during the option years. The cost of producing the recordings would be borne by defendant.

The first three recordings were delivered on schedule; the fourth was delivered late. Plaintiff exercised its first option to renew, but never received another recording. Under the terms of the contract plaintiff paid defendant approximately $2,500,000 in royalties and nonreturnable advances.

On May 31, 1978, the parties filed breach-of-contract actions against one another. Both parties sought damages and injunctive relief, and defendant additionally sought declaratory relief. Plaintiff obtained a preliminary injunction, and defendant has appealed.

I

Defendant asserts the preliminary injunction was improperly granted because: (1) the agreement failed to guarantee payment of minimum compensation of $6,000 a year; (2) she had already been suspended by the plaintiff and could not be further restrained from engaging in her occupation; and (3) there was no showing or finding that irreparable injury would be imminent if the injunction were not granted.

█ A. A party to a personal service contract may not be enjoined from rendering personal services to others unless, under the terms of the contract, she is guaranteed minimum annual compensation of $6,000 (Civ. Code, § 3423, subd. Fifth; Code Civ. Proc., § 526, subd. 5). Defendant argues that the agreement at bench fails to meet the statutory minimum because the cost of producing two recordings a year exceeds $194,000, and when this expense is deducted from the guaranteed $200,000 annual advance, her net compensation becomes less than $6,000 annually.

The trial court found: (1) the "minimum compensation" referred to in the statutes does not mean "net profits"; (2) even if it did, suitable recordings could be made at costs that would net the defendant minimum compensation of $6,000 a year. It is decisive here that under the terms of the agreement exclusive control of production costs remained in defendant's hands at all times. Defendant was free to record in as tight-fisted or as open-handed a manner, costwise, as she chose. Defendant's interpretation of the minimum compensation statutes would allow her to nullify her contract at any time merely by increasing her production expenses, which at all times remained under her exclusive control. We do not believe the Legislature intended to sanction such a one-sided bargain, and we agree with the trial court's ruling in both its aspects.

The cause of *Foxx* v. *Williams* (1966) 244 Cal.App.2d 223 [52 Cal.Rptr. 896], cited by defendant, is clearly distinguishable. In that cause, comedian Redd Foxx agreed to record comedy routines for Williams, a record manufacturer and distributor. In return, Foxx was to receive royalties from the sale of the records. Foxx sued Williams and Williams' recording company for an accounting, and the company cross-complained for damages and injunctive relief. The lower court enjoined Foxx from recording for anyone other than cross-complainant, but the appellate court reversed for the reason that Foxx' royalty contract did not guarantee him annual compensation of $6,000. Unlike the defendant at

bench, who is guaranteed minimum annual compensation of $200,000 in the form of nonreturnable advances in addition to any royalties she may receive, Foxx' sole compensation was in the form of royalties contingent upon prospective sales which could amount to nothing.

B. Defendant next contends she cannot be suspended by plaintiff and at the same time enjoined from rendering personal services for others. (See Bus. & Prof. Code, § 16600; *Lowe's Inc.* v. *Cole* (9th Cir. 1950) 185 F.2d 641, 657.) But defendant has not been suspended. She is still free to record for plaintiff, and, in the event she chooses to record, nothing in the agreement relieves plaintiff from its obligation to compensate her.

■ C. Defendant maintains the grant of the preliminary injunction was improper because plaintiff failed to show, and the trial court failed to explicitly find, that such relief was necessary to prevent irreparable injury. The grant of a preliminary injunction lies within the discretion of the trial court (*Weingand* v. *Atlantic Sav. & Loan Ass.* (1970) 1 Cal.3d 806, 820 [83 Cal.Rptr. 650, 464 P.2d 106]), and an explicit finding of irreparable harm is not required to sustain the trial court's exercise of that discretion (*Conover* v. *Hall* (1974) 11 Cal.3d 842, 850 [114 Cal.Rptr. 642, 523 P.2d 682]). In requesting injunctive relief plaintiff alleged that if defendant were permitted to record for a competitor, it would suffer irreparable injury, both in loss of profits and loss of goodwill. This allegation was supported by substantial evidence that defendant's services are unique. Absent any indication to the contrary, we can presume from the trial court's order granting the preliminary injunction that the court did in fact find that irreparable injury would be imminent unless the injunction were granted. (*Conover* v. *Hall, supra*, p. 850.)

## II

■ Defendant contends that even if the court did not err in granting a preliminary injunction, it erred in authorizing the preliminary injunction to extend beyond the five-year term of the agreement. Plaintiff responds, in effect, that so long as defendant fails to perform her obligations under the contract, the term of the agreement, and thus of the preliminary injunction, may be extended until the seven-year statutory maximum has elapsed. (Lab. Code, § 2855.)

Because a period of five years has not yet passed since defendant began her employment on April 1, 1975, the issue of the availability to plaintiff of injunctive relief after April 1, 1980, is technically premature. Neverthe-

less, we consider the language in the preliminary injunction extending its possible duration to April 1, 1982, inappropriate for two reasons:

First, if defendant had performed under the contract, plaintiff would not be entitled to prevent her from recording for competitors at the end of the five-year term of the agreement. We have grave doubts that defendant's failure to perform her obligations under the contract can extend the term of the contract beyond its specified five-year maximum. (*Lemat Corp.* v. *Barry* (1969) 275 Cal.App.2d 671, 679 [80 Cal.Rptr. 240].)

Second, the injunction appealed here is merely a preliminary injunction, whose sole function is to preserve the status quo pending a final judgment in the action (*Environmental Coalition of Orange County, Inc.* v. *AVCO Community Developers, Inc.* (1974) 40 Cal.App.3d 513, 521 [115 Cal.Rptr. 59]; *Keith* v. *Superior Court* (1972) 26 Cal.App.3d 521, 524 [103 Cal.Rptr. 314].) Plaintiff's general duty to exercise due diligence in the prosecution of its action and to bring it to conclusion within a reasonable time (Code Civ. Proc., §§ 581a, 583) is particularly strong when, as here, the cause involves injunctive and declaratory relief (see Code Civ. Proc., §§ 527 and 1062a, which give priority to such actions). To the extent the phrase "until April 1, 1982" suggests that plaintiff, without taking further action, may prevent defendant from recording for competitors until 1982, the phrase is misleading.

The order for preliminary injunction is modified by deleting the phrase, "or until April 1, 1982, if that date shall occur during the pendency of this action," and as so modified, the order is affirmed.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied March 22, 1979, and the petitions of both parties for a hearing by the Supreme Court were denied May 10, 1979.