174 Cal.App.3d 944 (1985)
220 Cal. Rptr. 302
ARDEN A. GREGORIAN, Plaintiff and Appellant,
v.
NATIONAL CONVENIENCE STORES, INC., Defendant and Respondent.
Docket No. B011574.
Court of Appeals of California, Second District, Division Two.
November 22, 1985.
*946 COUNSEL
Donald J. Townley for Plaintiff and Appellant.
Pachulski, Stang & Ziehl, Dean A. Ziehl and Andrew W. Caine for Defendants and Respondents.
OPINION
COMPTON, Acting P.J.
Arden A. Gregorian (plaintiff) in a personal injury action appeals from a judgment of dismissal entered after the trial court sustained the motion for summary judgment of defendants, National Convenience Stores, Inc., et al.
(1a) Plaintiff was severely injured after being attacked and beaten while shopping at defendants' Stop `N' Go Market. At issue here is whether defendants owed a duty to plaintiff to prevent an unexpected criminal attack by a marauding youth gang. We conclude that defendants have presented evidence sufficient to sustain a judgment in their favor, and that plaintiff has not dispelled that evidence by any showing of a factual dispute which should be submitted to a trier of fact. The judgment must therefore be affirmed.
This is little conflict in the evidence. (2) Since this is, however, an appeal from a summary judgment, where such conflict appears in the papers submitted in support of and in opposition to the motion, we resolve those conflicts in favor of the nonmoving party (plaintiff herein). (MCA Records, Inc. v. Newton-John (1979) 90 Cal. App.3d 18, 21 [153 Cal. Rptr. 153]; Chesney v. Gresham (1976) 64 Cal. App.3d 120, 125 [134 Cal. Rptr. 238].)
The evidence before the court at the time it ruled on defendants' motion revealed the following scenario.
*947 On the evening of November 30, 1980, as plaintiff was entering defendants' market in Pomona, California, he was approached by two young men who, after blocking his path and uttering threatening remarks, attempted to strike him. Maneuvering quickly, plaintiff was able to block the blow and, in self-defense, strike one of the miscreants in the face. The two men made a hasty retreat and plaintiff continued into the store.
Without mentioning the attack to any of the market's employees, plaintiff completed his shopping and proceeded to the checkout stand. While paying for his purchases, the two men returned to the store accompanied by six to eight other youths. Realizing that the gang was out to seek revenge, plaintiff unsuccessfully attempted to barricade the doors. The men forced their way through, knocked plaintiff to the floor, and then brutally attacked and stabbed him. One of the store's employees also was injured during the fight.
Plaintiff himself had been employed at the market as a security guard for several months preceding the attack. In that capacity, he neither was armed nor trained to use physical force in the performance of his duties. Plaintiff's primary task was to act as a deterrent to shoplifters and to "observe and report life or property endangering conditions." During the course of his employment, he reported no such occurrences.
The declaration of defendants' corporate "risk manager" further established that no form of criminal activity had occurred at the Pomona store prior to November 30, 1980. For reasons unapparent from the record, no security guard was on duty the night plaintiff was assaulted.
After considering the foregoing evidence, the trial court found there was no triable issue of fact because, as a matter of law, defendants owed no duty of care to protect plaintiff from an unforeseeable criminal attack by a third party. Summary judgment was thereafter granted in defendants' favor and this appeal followed.
At the outset, we observe that the issues raised by plaintiff in the case at bench are anything but unique. They constitute familiar terrain over which we have traveled on numerous occasions. The past several years have seen a proliferation of cases, such as the one presently before us, in which plaintiffs seek to impose liability on the owners or occupiers of land for injuries resulting from the criminal conduct of some third party. These cases generally have held that in the absence of prior similar incidents an owner of land is not bound to anticipate the occurrence of criminal activities on his property and is not liable for injuries caused thereby. (Riley v. Marcus (1981) 125 Cal. App.3d 103 [177 Cal. Rptr. 827]; Wingard v. Safeway *948 Stores, Inc. (1981) 123 Cal. App.3d 37 [176 Cal. Rptr. 320]; Jamison v. Mark C. Bloome Co. (1980) 112 Cal. App.3d 570 [169 Cal. Rptr. 399].)
In Isaacs v. Huntington Memorial Hospital (1985) 38 Cal.3d 112 [211 Cal. Rptr. 356, 695 P.2d 653], however, our Supreme Court condemned any rigid application of the "prior similar incidents" rule and concluded that the absence of past criminal attacks did not forestall the imposition of a duty of care in every case. (3) In so holding, the court reaffirmed the fundamental rule of possessor's liability articulated almost two decades ago in Rowland v. Christian (1968) 69 Cal.2d 108, 119 [70 Cal. Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]: "The proper test to be applied to the liability of the possessor of land in accordance with section 1714 of the Civil Code is whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others, and, although the plaintiff's status as a trespasser, licensee, or invitee may in the light of the facts giving rise to such status have some bearing on the question of liability, the status is not determinative."
(4) The sine qua non of any negligence action is, of course, the existence of a duty of care owed by the alleged wrongdoer to the person injured, or to a class of which he is a member. (Rodriquez v. Bethlehem (1974) 12 Cal.3d 382, 399 [115 Cal. Rptr. 765, 525 P.2d 669]; Rowland v. Christian, supra, 69 Cal.2d at p. 119; Richards v. Stanley (1954) 43 Cal.2d 60, 63 [271 P.2d 23]; Routh v. Quinn (1942) 20 Cal.2d 488, 491 [127 P.2d 1, 149 A.L.R. 215].) Although the determination of duty is primarily a question of law, its existence may frequently rest upon the foreseeability of the risk of harm. (Bigbee v. Pacific Tel. & Tel. Co. (1983) 34 Cal.3d 49 [192 Cal. Rptr. 857, 665 P.2d 947]; Weirum v. RKO General, Inc. (1975) 15 Cal.3d 40, 46 [123 Cal. Rptr. 468, 539 P.2d 36]; Gomez v. Ticor (1983) 145 Cal. App.3d 622, 627 [193 Cal. Rptr. 600].) Foreseeability may be decided as a question of law only if, under the undisputed facts, there is no room for a reasonable difference of opinion. (Bigbee v. Pacific Tel. & Tel. Co., supra, 34 Cal.3d at p. 56.)
We do not read the Supreme Court's decision in Isaacs v. Huntington Memorial Hospital, supra, 38 Cal.3d 112, as changing any of these fundamental precepts. Although the court emphasized that "[f]oreseeability of harm should ordinarily be determined by a jury" (Id., at p. 135), it also pointed out that "foreseeability is but one factor to be weighed in determining whether a landowner owes a duty in a particular case." (Id., at p. 125.) (5a) Those cases, including Isaacs, which hold the proprietor liable for the wrongful acts of third persons stress that the proprietor is not the insurer of the safety of persons on those premises and his duty to take affirmative action to control the criminal acts of third persons arises only where the *949 possessor has reasonable cause to anticipate such acts and the probability of injury resulting therefrom, and fails to take affirmative steps to control the wrongful conduct. (Isaacs v. Huntington Memorial Hospital, supra, at p. 123-124; Taylor v. Centennial Bowl, Inc. (1966) 65 Cal.2d 114 [52 Cal. Rptr. 561, 416 P.2d 793]; Edwards v. Hollywood Canteen (1946) 27 Cal.2d 802 [167 P.2d 729]; Gomez v. Ticor, supra, 145 Cal. App.3d 622.)
(1b) It is beyond dispute that under these well established principles, defendants in our case were under no duty to protect plaintiff from the sudden attack of a ruthless youth gang. The facts as alleged in the complaint, in combination with plaintiff's deposition testimony and the declaration of defendants' "risk manager," were insufficient to establish that defendants could reasonably foresee or anticipate the criminal conduct in question and the possibility of injury resulting therefrom. Not only are there no allegations of prior similar incidents occurring at the market, there are no facts which indicate that the store is located in an area where gang activity and criminal assaults are common. Taken as a whole, there is nothing in the record to support the claim that defendants possessed knowledge of criminal activities any more precise than the knowledge of any citizen residing and working in the County of Los Angeles.
As we commented in 7735 Hollywood Blvd. Venture v. Superior Court (1981) 116 Cal. App.3d 901, at page 906 [172 Cal. Rptr. 528]: "Anyone can foresee that a crime may be committed anywhere at any time. But that foreseeability which the owners of rental property or the proprietors of public premises share with the public at large, does not, per se, impose a duty on such property owners or proprietors to [institute security measures]."
(5b) Although the court in Isaacs, supra, held that when foreseeability gives rise to a duty to protect, it is for the fact finder to determine the "adequacy" of the security or measures taken to prevent injury, such a determination cannot be made absent evidence that some action on the part of the defendant could have prevented the injury "or conversely that the defendants' inaction in some manner caused plaintiff's injury." (Noble v. Los Angeles Dodgers, Inc. (1985) 168 Cal. App.3d 912, 915 [214 Cal. Rptr. 396].)
(1c) Plaintiff argues, of course, that had there been adequate lighting, patrolling security guards, and posted signs warning of possible criminal attack, the gang which attacked him would not have committed the crime. These conclusionary allegations, however, go totally unsupported. As we further commented in 7735 Hollywood Blvd. Venture v. Superior Court, supra, 116 Cal. App.3d at page 905: "No one really knows why people *950 commit crime, hence no one really knows what is `adequate' deterrence in any given situation. While bright lights may deter some, they will not deter all. Some persons cannot be deterred by anything short of impenetrable walls and armed guards."
Plaintiff's reliance on Gomez v. Ticor, supra, 145 Cal. App.3d 622 and Cohen v. Southland Corp. (1984) 157 Cal. App.3d 130 [203 Cal. Rptr. 572], is sorely misplaced.
In Gomez, unlike the instant case, the decedent was attacked while walking through a large commercial parking structure, labyrinthine in nature, where high walls, low ceilings, and the absence of the cars' owners increased the likelihood of criminal misconduct. A variety of thefts and other nonviolent crimes also had occurred on the premises during the preceding three years. Here, of course, the market was well lit, visible from the street, and had no history of either violent or nonviolent criminal encounters.
In Cohen, a customer in a 7-Eleven store was shot while attempting to prevent an armed robbery. The customer sued the owner, the franchise and an employee of the store, alleging that the defendants negligently failed to protect store patrons from assault or other threatening behavior by would-be robbers. The Court of Appeal reversed a summary judgment in favor of the defendants. Since robberies had previously occurred at the particular store, and nighttime robberies of other 7-Eleven stores were frequent, the court held that the evidence raised a triable issue of fact as to foreseeability of the injury.
Noting some of the similarities between Cohen and the instant case, plaintiff specifically relies on the following language from the decision: "In the very operation of an allnight convenience store, defendants may be said to have created `an especial temptation and opportunity for criminal misconduct,' thus increasing the foreseeability of injury resulting from third party misconduct...." (Id., 157 Cal. App.3d at p. 141.)
Nothing in the record before us supports plaintiff's argument that defendants' market, though similar in character to the 7-Eleven store in Cohen, created "`an especial temptation and opportunity'" (ibid.) for the type of sudden, vicious, and intentional conduct occurring here. While the proprietor of an allnight convenience store may, in this day and age, reasonably anticipate that his place of business will be the target of armed robbers, the same cannot be said for a crime resulting from gang violence. This is especially true where, as in the case at bench, the premises has never been the focal point of gang activity. Unlike Cohen, plaintiff's injuries were the *951 result of an extraordinarily malicious criminal act that, based on defendants' past experience and knowledge, could not have been anticipated.
Further and more importantly, neither Cohen nor Gomez addressed the issue of causation. These cases focus only on the issue of foreseeability.
Based upon the foregoing, we must conclude that, as a matter of law, plaintiff's action is without merit and that defendants were entitled to summary judgment.
The judgment is affirmed.
Beach, J., and Gates, J., concurred.