[Civ. No. 60819. Second Dist., Div. Two. Mar. 16, 1981.]

7735 HOLLYWOOD BOULEVARD VENTURE et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
CHRISTY PUGH DAVIS, Real Party in Interest.

**COUNSEL**

Robert E. Long for Petitioners.

No appearance for Respondent.

Michael H. Silvers for Real Party in Interest.

**O**PINION

**COMPTON, J.**—We issued an alternative writ of mandate to review the trial court's order overruling a demurrer to a complaint for personal injuries, which complaint is based on a novel theory of landowner's liability for the criminal acts of third parties. We conclude that the complaint fails to state a cause of action and the demurrer should have been sustained.

Plaintiff instituted an action against the owner of an apartment house in which she is a tenant. The injury for which she seeks compensation resulted from a forceable rape committed against her by an intruder who forced entrance into her apartment. The crime was committed at approximately 4:30 in the morning.

The property owner's liability for such injury is alleged to rest on a combination of two factors. (1) knowledge that violent crime, including burglary and rape, had occurred in the "general area, vicinity and neighborhood" within the previous six months; that some of these crimes, according to media accounts, were committed by the same person who had been dubbed "The westside rapist" and (2) negligent failure to replace a burned out light which had been "lighting the outside of plaintiff's apartment."

The complaint, which seeks both compensatory and punitive damages, attempts to construct a bridge of causation between these two factors and the injury which plaintiff suffered by purely conclusionary allegations that the burglar-rapist would not have committed the crime had there been "adequate lighting."

We observe that the complaint is silent as to several significant points: (1) there is no allegation that any crime had previously occurred on these particular premises, (2) there is no description of the size or character of the area embraced by the phrase "general area, vicinity or neighborhood." It cannot be determined whether plaintiff is referring to an area of a few square blocks, a few square miles or in fact the City or County of Los Angeles as a whole, (3) if there was such an individual known to the media as "The westside rapist" the complaint does not allege that he is the one who attacked plaintiff, (4) there are no factual allegations to support the claim that the owner of the apartment house possessed knowledge any more precise than the knowledge of any citizen in Los Angeles County that there are violent crimes committed in

this county, (5) other than an allegation of the widely held notion that darkness is an ally of the stealthful criminal, the complaint provides no basis for attributing to the apartment owner an ability to predict or foresee where such criminals might strike next or just how such criminals could be deterred, (not even the police can boast of such prescience), and finally (6) the complaint does not describe with any particularity the area to be illuminated by the light in question or its relationship, if any, to the manner in which the intruder entered the apartment.

Plaintiff directs our attention to several sections of the Restatement of Torts, which recite the general and well-established principles that while a criminal act of a third person is generally a superseding cause of injury, such is not the case where intentional or negligent conduct creates a foreseeable and unreasonable risk of harm from conduct of a third person and liability for that harm can be imposed on the original actor even though the third party's conduct be criminal. (Rest.2d Torts, § 302B, p. 88; *Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166].)

Of course the application of these rules to a given factual setting requires an analysis which transcends simply a recitation of the principle and an exercise in semantics. In situations where conduct affirmatively and directly places another in a position of peril of which the latter is ignorant or where his ability to protect himself is impaired, the original actor is not relieved of liability because the peril results in injury from criminal conduct by third persons.

Thus in *O'Hara* v. *Western Seven Trees Corp.* (1977) 75 Cal.App.3d 798 [142 Cal.Rptr. 487], a complaint for personal injury against a landlord where the plaintiff had been raped on leased premises was held to survive a demurrer because it was alleged that the landlord had knowledge that several female tenants had previously been raped on the premises by the same man, yet had concealed that fact from the plaintiff at the time plaintiff leased the apartment, had in fact falsely told plaintiff that the building was safe and misrepresented the security measures in effect.

Here we deal with no such affirmative conduct by the property owner. Nor is this a case of the property owner placing plaintiff in a particular situation of peril unique from that of any other person in the community who may become a victim of crime.

Plaintiff's position here, if accepted, would impose an affirmative duty, on any owner of rental property, to install security devices "adequate" to deter crime, because under plaintiff's theory it was the lack of "adequate" lighting which formed the basis for liability. That lack could include failure to install outside lighting in the first place as well as failure to maintain existing lighting.

The question is thus "Does an apartment owner have a duty to install and maintain lighting for security purposes?" If such a duty could be said to exist, the questions that would logically follow are of what candle power? and in what areas? To ask the questions is to demonstrate the futility of attempting to impose and define such a duty.

Further, plaintiff's theory proceeds from the premise that "lighting" in and of itself can deter crime. In this day of an inordinate volume of criminal activity, there are a myriad of "security devices" available to the public, including the hiring of armed guards. No one really knows why people commit crime, hence no one really knows what is "adequate" deterrence in any given situation. While bright lights may deter some, they will not deter all. Some persons cannot be deterred by anything short of impenetrable walls and armed guards.

It would be intolerable and grossly unfair to permit a lay jury, after the fact, to determine in any case that security measures were "inadequate," especially in light of the fact that the decision would always be rendered in a case where the security had in fact proved to be inadequate.

"It is an easy matter to know whether a stairway is defective and what repairs will put it in order. . . . but how can one know what measures will protect against the thug, the narcotic addict, the degenerate, the psychopath and the psychotic?" (*Goldberg* v. *Housing Auth. of Newark* (1962) 38 N.J. 578 [186 A.2d 291, at P. 297, 10 A.L.R.3d 595].)

■ A proprietor of premises is not the insurer of the safety of persons on those premises. His duty to control the acts of third persons is a duty of reasonable care to protect against known or reasonably foreseeable risks. He is not required to take precautions against attacks by third persons which he has no reason to anticipate. (*Totten* v. *More Oakland Residential Housing, Inc.* (1976) 63 Cal.App.3d 538 [134 Cal.Rptr. 29]; *Edwards* v. *Hollywood Canteen* (1946) 27 Cal.2d 802 [167 P.2d 729]; Rest., Torts, § 314.)

Anyone can foresee that a crime may be committed anywhere at any time. But that foreseeability which the owners of rental property or the proprietors of public premises share with the public at large, does not, per se, impose a duty on such property owners or proprietors to install a "security device" which meets a lay jury's concept of adequacy.

■ Plaintiff's complaint, given its most liberal interpretation, alleges simply the maintenance of a dangerous condition on the property. That dangerous condition is said to inhere in the absence of "adequate" outside lighting. There is no allegation that the property itself is defective in any regard.

In *Moncur* v. *City of Los Angeles* (1977) 68 Cal.App.3d 118 [137 Cal.Rptr. 239], we dealt with a somewhat similar theory of liability. There an individual had placed a bomb in a public locker at the Los Angeles International Airport. The bomb exploded killing and injuring several people. Plaintiffs sought to impose tort liability for negligence on the city for failing to locate the lockers inside the "security screen." We rejected that contention on the basis that the location of the locker could not be the cause of the actions of the bomber and did not constitute a defective condition of the property. In short, the conduct of the bomber could not have reasonably been foreseen or anticipated so as to impose a duty on the city to take security measures concerning the use of the locker.

The complaint here fails to plead sufficient facts to create any duty on the owner of the apartment building or to establish any causal connection between the alleged delict and the injury.

Let a peremptory writ of mandate issue directing the trial court to vacate its order overruling the demurrer and to enter a new and different order sustaining the demurrer. The alternative writ is discharged.

Fleming, Acting P. J., and Beach, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied July 13, 1981. Racanelli, J.,* and White, J.,* participated therein. White, J.,* was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.