[Civ. No. 61087. Second Dist., Div. Five. Oct. 30, 1981.]

SHARON LYNN RILEY, Plaintiff and Appellant, v.
JACK MARCUS et al., Defendants and Respondents.

**COUNSEL**

Maginnis & Erwin and Russell F. Maginnis for Plaintiff and Appellant.

Alan R. Maler for Defendants and Respondents.

**OPINION**

**WOLF, J.\***—Plaintiff, a tenant in an apartment building in Santa Monica owned by defendants, filed the instant action against her landlord contending that defendants negligently failed to maintain the demised premises in a safe condition by failing to provide adequate lighting and adequate door locks, the absence of which resulted in the entry into plaintiff's apartment of an intruder who raped her.[1]

The trial court granted defendants' motion for summary judgment and plaintiff has appealed from the judgment which followed.

The documents which were filed in support of the motion for summary judgment consisted of the declaration of Alan R. Maler, counsel for defendants, which made reference to an excerpts from the plaintiff's deposition and her answers to interrogatories, and the declarations of defendants Eva Marcus and Jack Marcus. In opposition to the motion, plaintiff offered portions of her deposition and submitted the declara-

---

\*Assigned by the Chairperson of the Judicial Council.

[1]Plaintiff's first amended complaint contained three causes of action. The second cause of action alleged that the absence of adequate lighting caused the apartment to be unsafe for occupancy in violation of section 1941 of the Civil Code. The third cause of action alleged that defendant breached implied warranty of habitability. Demurrers of the second and third causes of action were sustained and plaintiff's petition for writ of mandate regarding the rulings on demurrer was denied by the Court of Appeal. The instant appeal only concerns the trial court's ruling regarding the first cause of action.

tion of an expert witness, a Santa Monica police officer. This evidence established the following: The defendants' apartment house was a ten-unit, two-story building on Lincoln Boulevard in Santa Monica. In March 1977, defendants rented a second floor apartment to plaintiff. There were incandescent hanging lights installed over each of the upstairs units which, when activated, illuminated the doors of the upstairs apartments. The lights were operated by a timer which was inaccessible to plaintiff. The timer caused the lights to turn off at approximately 1 or 1:30 a.m. and remain off until the nightfall of the next evening. When the lights were off, the area in the vicinity of the front door to plaintiff's apartment was extremely dark.

Plaintiff's front door was secured by two locks: a chain lock, and a lock on the doorknob which was set with a button in the center of the knob. The latter could be unlocked by rotating the inner doorknob. Adjacent to both locks were louvered windows.

In the opinion of the Santa Monica police officer, an expert in burglary investigations, the physical arrangement of the louvered windows and the door locks in a darkened area made an ideal situation for a burglar to quickly and easily gain entry into the apartment. He was of the further opinion that the locks on the doors and the exterior lights created a deceptive appearance of safety, while providing virtually no protection against forced entry, and that the absence of lights made the conditions even more hazardous from the standpoint of an unwanted intrusion.

Approximately 400 burglaries per month occurred in the City of Santa Monica. A number of these residential burglaries occurred in the area of Lincoln Boulevard where defendants' apartment building was located.

Plaintiff was unaware of the frequency of burglaries in the City of Santa Monica and had no concern about the security of the building. Plaintiff and defendants never discussed the outside lighting or the security of the building in general. Plaintiff never asked that any new locks be installed, that the louvered windows be replaced, or that bars be put on her windows. Nothing was said to plaintiff concerning the safety of the building other than that the neighborhood and building were quiet, the neighborhood was safe, and the neighbors were nice people.

On June 4, 1977, at about 4 a.m. a burglar forced his way into plaintiff's apartment by removing a louver from the window at a place adjacent to the chain and a second louver from a place adjacent to the front doorknob, unlatching the chain, turning the knob and entering the front door. Plaintiff was robbed, raped and sodomized by the assailant.

Plaintiff contends that although nothing was said to her about the safety of her apartment, she was misled into believing it was safe by the installation of door locks which appeared to be adequate but which afforded her virtually no protection. Thus, plaintiff submits, not only did defendants breach a duty to provide her with adequate security but also lulled her into a false sense of security, which renders defendants liable for the injuries she incurred.

Additionally, plaintiff maintains that even if defendants were not otherwise responsible for plaintiff's safety, they assumed that responsibility by volunteering to provide her with safety devices such as locks and lighting, and having assumed the duty, were required to perform it adequately which they failed to do.

In the recent past there have been a series of cases involving attempts to hold a landlord responsible for injuries suffered by a tenant resulting from criminal conduct which occurred on the demised premises. In *Totten v. More Oakland Residential Housing, Inc.* (1976) 63 Cal.App.3d 538 [134 Cal.Rptr. 29] the plaintiff-tenant, while seated in the laundry room of the defendant's apartment house, sustained injuries as a result of a shooting which occurred on the premises. A demurrer to the complaint was held to have been properly sustained on the ground that the landlord, absent prior similar incidents, is not required to anticipate the occurrence of criminal activities where the perpetrators were strangers and the incident causing the injury was sudden and unexpected.

In *O'Hara v. Western Seven Trees Corp.* (1977) 75 Cal.App.3d 798 [142 Cal.Rptr. 487] plaintiff-tenant sought damages from her landlord for injuries she received as a result of a rape she sustained on the defendant's premises. The plaintiff alleged that the landlord had actual knowledge of several recent rapes in the apartment complex and did not advise the plaintiff of these facts but, to the contrary, specifically represented that the building was safe and that adequate security existed. The court held that where the landlord has notice that certain crimes had occurred on the premises which were likely to reoccur unless security efforts are taken, the landlord has an affirmative duty to protect the

tenant by either warning the tenant of the danger or by providing adequate security against such reoccurrence.

In *Kwaitkowski* v. *Superior Trading Co.* (1981) 123 Cal.App.3d 324 [176 Cal.Rptr. 494], the plaintiff was accosted, raped and robbed in the lobby of defendant's apartment building by a nonresident. Approximately two months prior to the assault upon the plaintiff, another tenant had been attacked, assaulted and robbed in a common area of the building. The defendant had been notified that strangers were entering the building through the front door entrance which did not lock properly. Despite the defendant's knowledge of the conditions and of a prior assault, the defendant did nothing to repair the front entrance door nor did it properly maintain adequate lighting in the common entrance of the lobby. The court held that the defendant's knowledge of the conditions and its failure to repair the lock affirmatively placed the plaintiff in danger of injuries of the same general type as those sustained by the prior tenant.

The question of the landlord's liability for injuries sustained as a result of criminal activity on his premises was recently discussed in *7735 Hollywood Boulevard Venture* v. *Superior Court* (1981) 116 Cal.App. 3d 901 [172 Cal.Rptr. 528]. The plaintiff-tenant sought compensation from her landlord for the injuries she received as a result of a forcible rape committed upon her by an intruder who forced entry into her apartment. Plaintiff sought to hold the landlord liable on the ground that the landlord had knowledge that violent crimes, including burglary and rape, had occurred in the general area within the previous six months, and that the landlord was negligent in failing to replace a burned out light which illuminated the exterior of plaintiff's apartment.

The court held that the complaint failed to state a cause of action. In this regard, the court made the following observations: "Plaintiff's position here, if accepted, would impose an affirmative duty, on any owner of rental property, to install security devices 'adequate' to deter crime, because under plaintiff's theory it was the lack of 'adequate' lighting which formed the basis for liability. That lack could include failure to install outside lighting in the first place as well as failure to maintain existing lighting. . . .

"It would be intolerable and grossly unfair to permit a lay jury, after the fact, to determine in any case that security measures were 'inadequate,' especially in light of the fact that the decision would always

be rendered in a case where the security had in fact proved to be inadequate.

■ "A proprietor of premises is not the insurer of the safety of persons on those premises. His duty to control the acts of third persons is a duty of reasonable care to protect against known or reasonably foreseeable risks. He is not required to take precautions against attacks by third persons which he has no reason to anticipate. [Citations.]"[2]

■ Applying the foregoing principles to the facts in the instant case, it is clear that defendants did not owe plaintiff a duty to provide her with security against intrusion into her apartment by strangers. Unlike the situations in *O'Hara* v. *Western Seven Trees Corp., supra*, 75 Cal. App.3d 798, and *Kwaitkowski* v. *Superior Trading Co., supra*, 123 Cal.App.3d 324, there was no history of any rapes or similar acts of violence which had occurred on the premises and which, unless adequate steps were taken, would likely reoccur. Moreover, defendants were not aware of any risks attendant to the premises which they concealed from plaintiff. .The manner of the installation of the locks on plaintiff's doors did not constitute a representation that the doors were secure against intruders, or that the premises were safe against such risks.

Plaintiff's theory that there is liability on the part of defendants, even in the absence of such a duty, because defendants undertook to provide such security and failed to do so adequately is not compelling. Defendants did not voluntarily undertake to provide plaintiff with a security system by providing her with doors, door locks, windows and outside lighting. The items were commonplace and are furnished by virtually every landlord to every tenant.

Moreover, a landlord's efforts to make his premises more secure against criminal activity should not be greeted by a pronouncement that if such efforts are later found to be inadequate he will incur a liability

---

[2]In addition to cases involving an action by a tenant against a landlord for injuries sustained as a result of criminal activities on the premises, there are a number of cases involving suits against a property owner, by persons other than tenants, where injuries have been sustained as a result of criminal acts on the premises. These cases generally have held that in the absence of prior similar incidents an owner of land is not bound to anticipate the occurrence of criminal activities on his property and is not liable for injuries caused thereby. (*Jamison* v. *Mark C. Bloome Co.* (1980) 112 Cal.App.3d 570 [169 Cal.Rptr. 399]; *Wingard* v. *Safeway Stores, Inc.* (1981) 123 Cal.App.3d 37 [176 Cal.Rptr. 320].)

which would have been nonexistent had he done nothing. ■ Absent a duty to take reasonable precautions to prevent the reoccurrence of criminal acts which are known to be likely to reoccur, a landlord incurs no liability by attempting, albeit unsuccessfully or inadequately, to make his premises less vulnerable to criminal intrusions.

The judgment is affirmed.

Stephens, Acting P. J., and Ashby, J., concurred.