**AGNES VIDAL, Plaintiff**

**v.**

**VIRGIN ISLANDS HOUSING AUTHORITY, Defendant**

Civil No. 1180/1980

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

August 16, 1983

ALBERT A. SHEEN, ESQ. (HODGE, SHEEN, HODGE & MILLER), Christiansted, St. Croix, V.I., *for plaintiff*

3

ERIC R. MOORE, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for defendant*

PETERSEN, *Judge*

## MEMORANDUM OPINION

The sole question before this Court is whether the Virgin Islands Housing Authority (VIHA) as landlord has a duty to protect its tenant from criminal acts of third persons. This matter is before the Court on cross-motions for summary judgment. Both plaintiff and defendant move this Court for summary judgment pursuant to Rule 56, Fed. R. Civ. P. In their supporting memoranda both parties have agreed that a determination by this Court of the landlord's duty to its tenants would be dispositive of this matter. As this is wholly a question of law, this Court may properly proceed under Rule 56. For the reasons stated in this opinion, plaintiff's motion for summary judgment will be denied, and defendant's motion for summary judgment will be granted.

## FACTS

Briefly, the plaintiff alleges that just before dawn on October 2, 1980, an intruder entered her apartment in the John F. Kennedy Housing Project and assaulted and robbed her. Plaintiff further alleges that her apartment had twice before been burglarized. Each incident was reported to VIHA. After each reported incident, VIHA repaired the structural damage caused by the break-in. It is plaintiff's contention that VIHA acted negligently in failing to secure the points of entry after it received notice of the burglaries. By merely repairing the damaged louvers and latch, plaintiff argues that the defendant acted unreasonably.

## DISCUSSION

██ Only when there is a duty to act can an actor be held liable for failing to act for the protection of another. Restatement (Second) of Torts, § 284(b) (1965). There is no duty to control the conduct of a third person to such a degree as to prevent him from causing harm to another, unless there exists a special relationship between the actor and the other. Restatement (Second) of Torts, § 315 (1965). Those special relationships between the actor and the person suffering the harm include a common carrier-passenger, a business invitor-invitee, and an innkeeper-guest. Restatement (Second) of Torts, § 314A and § 302B, comment (e)(B) (1965). Thus, the landlord/tenant relationship is not listed among those that impose a duty. However,

4

a landlord is not expressly exempted from such a duty. Comment e to § 302B, as well as comment b to § 314A, make it clear that the relationships listed are not exclusive, and may not be the only ones in which a duty of affirmative action for the protection of others is found. The American Law Institute expressed no opinion as to whether there are additional relationships which would impose a similar duty. Restatement (Second) of Torts, § 314A (1965). Therefore, in order to determine whether a landlord has a duty to protect a tenant from criminal acts of third persons, reference must be made to case law.

■■ A landlord is not an insurer of his tenants and generally there is no duty to protect tenants against criminal activity. 7735 Hollywood Blvd. Venture v. Superior Court, 172 Cal. Rptr. 528 (1981); Ten Associates v. McCutchen, 398 So.2d 860 (Fla. 1981); King v. Ilikai Properties, Inc., 632 P.2d 657 (Hawaii 1981); Trice v. Chicago Housing Authority, 302 N.E.2d 207 (Ill. 1973). There is, however, a growing recognition that a landlord has a duty of care to protect a tenant from reasonably foreseeable criminal conduct. See, e.g., Kline v. 1500 Massachusetts Ave. Apt. Corp., 439 F.2d 477 (D.C. Cir. 1970); O'Hara v. Western Seven Trust Corp., 142 Cal. Rptr. 487 (Cal. Ct. App. 1978); Ten Associates v. McCutchen, 398 So.2d 860 (Fla. App. Ct. 1981); Stribling v. Chicago Housing Authority, 340 N.E.2d 47 (Ill. App. Ct. 1975); Braitman v. Overlook Terrace Corp., 346 A.2d 76 (N.J. 1975). Imposition of a duty does not depend upon foreseeability alone. The Court must consider the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant in determining whether a duty exists. Trice v. Chicago Housing Authority, 302 N.E.2d 207 (Ill. Ct. App. 1973).

> The question is not simply whether a criminal event is foreseeable, but whether a duty exists to take measures to guard against it. Whether a duty exists is ultimately a question of fairness. The inquiry involves a weighing of the relationship of the parties, the nature of risk and the public interest in the proposed solution.

Goldberg v. Housing Authority of Newark, 186 A.2d 291 (N.J. 1962). This Court takes note of those decisions cited by plaintiff holding a landlord responsible for injuries to tenants caused by criminal conduct of third persons. However, these cases involved special facts which were major factors in the decisions and are thus distinguishable from the present case. See, e.g., Kline v. 1500 Massachusetts

Ave. Apt. Corp., 439 F.2d 477 (D.C. Cir. 1970) (high level of security, which was factor in tenant's decision to rent, significantly reduced). See also O'Hara v. Western Seven Trees Corp., 142 Cal. Rptr. 487 (Cal. Ct. App. 1978) (misrepresentation of security measures in effect and knowledge of several previous rapes concealed); Stribling v. Chicago Housing Authority, 340 N.E.2d 47 (Ill. App. Ct. 1975) (bizarre circumstances); Braitman v. Overlook Terrace Corp., 346 A.2d 76 (N.J. 1975) (landlord's failure to repair known broken dead bolt lock). There is no such conduct, affirmative or otherwise, by the landlord herein. The landlord has not placed the plaintiff in a particularly perilous situation unique from that of any other person in the community who might become a victim of crime. 7735 Hollywood Blvd. Venture, supra.

The plaintiff's position would impose on all landlords a duty to install security devices adequate to deter crime. To accept this position would unjustly place upon the landlord a duty which would be impossible to perform. A statement from the decision in 7735 Hollywood Blvd. Venture, supra, a case involving inadequate lighting, is particularly applicable to the instant case. There, the court stated:

> In this day of an inordinate volume of criminal activity, there are a myriad of "security devices" available to the public, including the hiring of armed guards. No one really knows why people commit crime, hence no one really knows what is "adequate" deterrence in any given situation . . . . Some persons cannot be deterred by anything short of impenetrable walls and armed guards.

Id. at 530. Furthermore, as was stated in Goldberg v. Housing Authority, supra, "It is an easy matter to know whether a stairway is defective and what repairs will put it in order . . . but how can one know what measures will protect against the thug, the narcotic addict, the degenerate, the psychopath and the psychotic?" Goldberg, 186 A.2d at 297.

■ This Court is sensitive and sympathetic to the plight of the tenant who exercises little control over his or her premises. However, this Court is reluctant to place upon the landlord the burden of installing security measures when it is uncertain what measures will deter crime and when the expense of such measures would ultimately be borne by the tenant. Ten Associates, supra. For these reasons, plaintiff's motion for summary judgment must be denied, defendant's motion for summary judgment must be granted, and the action dismissed.

6

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that the defendant's motion for summary judgment be GRANTED, the plaintiff's cross-motion for summary judgment be DENIED, and the action DISMISSED.