Filed 12/3/24; Certified for Publication 12/23/24 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ERIC WOOLARD et al., | |
| Cross-complainants and Appellants, | G062897 |
| v. | (Super. Ct. No. 30-2020-01174210) |
| REGENT REAL ESTATE SERVICES, INC., et al., | O P I N I O N |
| Cross-defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Kimberly A. Knill, Judge. Affirmed.

Eric Woolard and Breonna Hall, in pro. per., for Cross-complainants and Appellants.

Murchison & Cumming, Darin W. Flagg for Cross-defendants and Respondents.

\* \* \*

This is an appeal following summary judgment in favor of cross-defendants and respondents Regent Real Estate Services, Inc. (Regent), a management company, and Greenhouse Community Association (Greenhouse), a homeowners association. Regent and Greenhouse were unfortunately dragged into litigation that should have remained between two sets of homeowners–Eric Woolard and Breonna Hall, the defendants and cross-plaintiffs on the one hand, and plaintiffs and cross-defendants Eric Smith and Stacy Thorne on the other.[1] As relevant to this appeal, the trial court properly granted summary judgment to Regent and Greenhouse on Woolard and Hall's cross-complaint. On appeal, Woolard and Hall only raise the negligence cause of action. Woolard and Hall have failed to establish, or even articulate, a duty of care that was breached by Regent and Greenhouse.

Woolard and Hall also claim the trial court erred by striking multiple attempts to disqualify the trial judge. These claims are not reviewable on appeal. Accordingly, the judgment is affirmed.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

I.

BRIEFING

We must, unfortunately, begin by noting that Woolard and Hall's sole brief does not comply with the California Rules of Court. Each brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) "It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations.'" If facts are not supported by correct record citations,

_____

[1] Smith and Thorne are not part of this appeal.

2

the party's arguments may be deemed waived. (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; see *Stover v. Bruntz* (2017) 12 Cal.App.5th 19, 28.)

The section labeled "Statement of Facts" in Woolard and Hall's brief does not include a single reference to the record; it is, essentially, useless to us. The record in this case exceeds 1,200 pages, and it is not our role to go through the record, page by page, searching for the facts that support Woolard and Hall's assertions.

While we could exercise our discretion to deem Woolard and Hall's arguments waived and dismiss the appeal, in the interests of justice, we shall do our best to review their arguments. If, however, we cannot locate a fact they assert exists, that fact will be deemed unsupported by the record.

II.

UNDERLYING FACTS

We draw the facts from Regent and Greenhouse's brief, as supported by references to the record, particularly the separate statement of undisputed material facts (separate statement) submitted in support of their motion for summary judgment.

Woolard and Hall were residents at Greenhouse, as were Smith and Thorne. Both were apparently tenants in their respective units. In 2020, Smith and Thorne filed suit against Woolard and Hall and Regent, among others, for negligence, numerous intentional torts, and premises liability for an incident that occurred on Greenhouse property in December 2019. According to the complaint: "On December 27, 2019, Eric Smith and Stacy Thorne were at their residence located at Greenhouse Condominiums. Plaintiffs' next door neighbors, [Woolard and Hall], started an argument with Plaintiffs Smith and Thorne which escalated to a physical altercation." Smith

3

and Thorne alleged punching and kicking, assault with a flashlight, and stabbing Smith, allegedly resulting in severe physical, mental, and emotional injuries.

Subsequently, Woolard and Hall filed a cross-complaint and a first amended cross-complaint, naming both Regent and Greenhouse as cross-defendants. According to them, the physical altercation was the result of long-standing harassment by multiple neighbors. As to Regent and Greenhouse, Woolard and Hall pleaded causes of action for indemnification, apportionment of fault, general negligence (as to both Regent and Greenhouse) and interference with economic relations (as to Greenhouse only). They sought general and punitive damages.

We reproduce the statement attached to the negligence cause of action included in the complaint in full: "On December 27, 2019, Breonna Hall and Eric Woolard were residents in a unit owned by and rented by co Defendants Terry Eunson and Peter Eunson, at the Greenhouse Condominiums, a residential property controlled by the Defendants Greenhouse Community Association."

The narrative continues on the next page:[2] "The extent of the harassment went as far as late night walks around their back gates around in attempt to provoke their dogs to bark, then files [*sic*] complaints with the city for their dogs being a nuisance, and sending violation letters with threats of fines, then ultimately lead to an assault and humiliation of Defendant's [*sic*] Woolard and Hall. [¶] The actions of president Jo Hanson, were outrageous as she used another member in the community two doors down

_____

[2] It is possible some intended text was missing here, but the pages are consecutively numbered, and we simply cannot tell.

4

from Defendants Hall and Woolard's home, to obtain information about Woolard and Hall whereabouts and activities, on a daily basis, consistently throughout the day, and encouraged the neighbors to intimidate and record the residents to impose unwarranted fines, and cause the residents and owners emotional distress and grief. [¶] Defendants Hall and Woolard informed Terry Eunson of these issues, consistently as the harassment occurred from every minor incident to every serious disturbance. Terry Eunson emailed Regent Management, sending dozens of emails to Regent Real Estate regarding these never ending issues. [¶] Despite Defendants Regent, Greenhouse, and The Eunsons all failed to provide adequate help resolving issues that escaleted [*sic*] into a physical altercation inside the defendants and cross complainants Woolard and Hall[s] home, in front of their small children. [¶] The physical injuries sustained and the mental anguish and emotional trauma Woolard and Hall have suffered could have been prevented had the situation been handled properly by Regent, Greenhouse and The Eunsons, instead the problems were ignored and provoked Woolard and Halls complaints were disregarded as Greenhouse took part in contributing to the issue instead of stopping it."

The narrative continues: "Regent disregarded their obligations and responsibilities in the matter as well ignored the emails sent to inform them of the outrageous and unexceptable [*sic*] behaviors, acted the the [*sic*] parties. Regent failed to ackowledge [*sic*] the Communitys [*sic*] lack of ethical duties on part of the Greenhouses Directors and chose to deliberatley [*sic*] ignore every initiation of the behaivor [*sic*] of members in the commununity [*sic*], which lead to Woolard and Hall having to be forced to act to protect themselves and their children while being attacked inside their home. Then arrested and evicted from their home, while out on bail,

5

and during a pandemicc [*sic*] forced on the streets with a new born and two toddlers the defendants sustained extreme mental distress and emotional harm. Woolard and Hall have suffered and still suffer mental anguish, humiliation, shame, anxiety, and worry about how theyve [*sic*] been destroyed financially and emotionally devestated [*sic*] by the actions and the events herein."

A successful demurrer dismissed the claim for Interference with Economic Relations, and Woolard and Hall subsequently dismissed the causes of action for indemnification, apportionment of fault, and declaratory relief as to Regent only.

## III.

### MOTIONS TO DISQUALIFY

Woolard and Hall filed numerous motions to disqualify the trial judge, Honorable Kimberly A. Knill, who was assigned to the case on December 19, 2022, effective January 19, 2023.

The first peremptory challenge was denied as untimely on January 18, 2023. Only the minute order denying the motion is included in the record.

A second request to disqualify Judge Knill was filed on June 2, 2023, alleging the judge could not be impartial. Judge Knill issued an order striking the motion to disqualify, and in the alternative, a verified answer. Woolard and Hall filed a verified statement in support of their objection to the judge, with a declaration by Woolard, on June 21. On June 23, Judge Knill issued an "order striking the statement of disqualification." (Capitalization & boldface omitted.) No writ review of these rulings was sought.

6

## IV.

### DISCOVERY RESPONSES

In Woolard's interrogatory responses, when asked for the facts supporting Regent's negligence, he responded that Regent "refused to assist or respond to any complaints," refused to investigate complaints, "sent out multiple letters falsely accusing [Woolard and Hall] of violating the CC&Rs," and "refused to take any steps to deescalate the situation." He also claimed Regent had committed housing discrimination under federal law. Instead, the community manager had advised Woolard and Hall that they do not handle neighborly disputes, and should contact the local police department.

Woolard provided a similar answer as to Greenhouse. "Regent and Greenhouse refused [to] address the matters, refused to contact the individuals whom claims were being made against, even despite the clear descriptions of having the complaints mentioned documented on video . . ." and accused Greenhouse of violating federal housing discrimination law.

## V.

### MOTION FOR SUMMARY JUDGMENT

In April 2023, Regent and Greenhouse filed a joint motion for summary judgment or alternatively, summary adjudication, on Hall and Woolard's remaining claims. Regent contended, "Regent was reasonable in all of its actions as to Hall and Woolard and did not otherwise owe a duty of care to contact police or intervene in the dispute with Plaintiffs" and Greenhouse argued that "Hall and Woolard cannot prevail on their remaining claims for Indemnification, Apportionment of Fault, Declaratory Relief and General Negligence against Greenhouse, as Greenhouse was reasonable in all of its actions as to Hall and Woolard and did not otherwise owe a duty of care to contact police or intervene in the dispute with Plaintiffs."

Greenhouse and Regent moved for summary judgment on the remaining claims – negligence only as to Regent, and negligence, indemnification, and apportionment of fault as to Greenhouse. Robert Griswold, offered as an expert witness on homeowners' association matters, submitted a declaration stating that neither Regent or Greenhouse had fallen below the standard of care in discharging their duties relating to the instant matter. Neither Regent nor Greenhouse had an obligation to involve the police on behalf of community members or tenants. Further, they did not have a responsibility or obligation to intervene and stop acts of physical violence, or to act as peacemaker in the community.

"The standard of care for a homeowner association, such as Greenhouse, and a management company, such as Regent, is that neither should or would be expected to intervene in a neighbor-to-neighbor dispute, as a homeowner association or management company is not a security guard or peacemaker for neighbor-to-neighbor disputes. To the extent any intervention is felt necessary by one of the parties, such intervention would need to come from a combination of the police and/or the legal system, and not from the homeowners association and/or management company. As such, any alleged failure by Regent and/or Greenhouse to intervene in the neighbor-to-neighbor dispute between Hall and Woolard on one side and Smith and Thorne on the other side does not fall below the standard of care." Finally, Regent and Greenhouse had reasonably responded and investigated any complaints made by Woolard and Hall. "The standard of care for a homeowner association, such as Greenhouse, and a management company, such as Regent, is that if a complaint or alleged violation of the rules is received from a resident, then the complaint is to be investigated and provided with a response. Regent and Greenhouse met this standard of care

8

in investigating and responding to the complaints received from Hall and Woolard. This is evidenced by the replies to the communications received from Hall and Woolard."

Woolard and Hall filed an opposition to the motion for summary judgment. They characterized Griswold's declaration as by someone "who was paid to sign a declaration." The opposition also contended they had never alleged that Greenhouse had any duty to contact the police or intervene in the dispute with Smith and Thorne. "Cross-complainants have never stated they ever even expected Cross-defendants to contact or call the police of [*sic*] make any contact for them or on their behalf, regarding any dispute at all." Instead, they asserted harassment by Regent and Greenhouse.

The hearing went forward on June 26, 2023, and the court indicated it tentatively intended to grant the motion, and it did so after hearing arguments and taking the matter under submission.

The court's order accepted Regent and Greenhouse's contention that they had no duty to intervene in the neighbor dispute or prevent the physical altercation between Woolard and Hall on one side and Smith and Thorne on the other. Duty is a question of law, and Woolard and Hall had not established a legal duty to intervene in a dispute between residents. Nor had they established housing discrimination based on the fact that they have children. The court also concluded the claims for indemnification, apportionment of fault, and declaratory relief were not legally cognizable claims and no triable issues of material facts existed.[3] The court filed a judgment on July 13, 2023.

_____

[3] Woolard and Hall state explicitly that they are not seeking review of these three causes of action.

DISCUSSION

I.

SUMMARY JUDGMENT FRAMEWORK AND STANDARD OF REVIEW

"Summary judgment is appropriate 'if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' [Citation.] To prevail on the motion, a defendant must demonstrate the plaintiff's cause of action has no merit. This requirement can be satisfied by showing either one or more elements of the cause of action cannot be established or that a complete defense exists." (*Beltran v. Hard Rock Hotel Licensing, Inc.* (2023) 97 Cal.App.5th 865, 876 (*Beltran*).)

"'[T]he party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact.' [Citation.] 'A prima facie showing is one that is sufficient to support the position of the party in question.' [Citation.] 'There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof.'" (*Beltran, supra,* 97 Cal.App.5th at p. 877.)

"In performing our de novo review, we use the same procedure as the trial court. We first consider the pleadings to determine the elements of each cause of action. Then we review the motion to determine if it establishes facts, supported by admissible evidence, to justify judgment in favor of the moving party. Assuming this burden is met, we then look to the opposition

10

and 'decide whether the opposing party has demonstrated the existence of a triable, material fact issue.' [Citation.] We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." (*Beltran, supra,* 97 Cal.App.5th at p. 877.)

## II.

### THE DUTY ELEMENT

As noted above, the pleadings determine the elements of the cause of action, which in this case, is negligence. "The elements of a cause of action for negligence are duty, breach, causation, and damages." (*Melton v. Boustred* (2010) 183 Cal.App.4th 521, 529.)

We begin with duty. "Duty 'is an essential element' of the tort of negligence. [Citation.] Duty 'may be imposed by law, be assumed by the defendant, or exist by virtue of a special relationship.' [Citation.] The existence of a legal duty ""depends upon the foreseeability of the risk and a weighing of policy considerations for and against imposition of liability.""" (*Melton v. Boustred, supra,* 183 Cal.App.4th at pp. 529–530.) Regent and Greenhouse contend they acted within the scope of their duties and did not owe Woolard and Hall any further duty; accordingly, they are not liable for negligence as a matter of law, and no triable issues of material fact exist.

We must start by asking just what duty Woolard and Hall seek to impose on Regent and Greenhouse. Their opposition to the motion to summary judgment specifically disclaimed the notion that they were seeking to impose a duty on Regent and Greenhouse "to contact or call the police of [*sic*] make any contact for them or on their behalf, regarding any dispute at all." Their brief, when discussing this point, does not have much to offer other than pages of boilerplate law on general principles of duty and foreseeability,

11

of which this court is well aware. They argue that the foreseeability of harm could not have been clearer, but that only begs the question. "[T]hrough their managing agents Regent, Greenhouse Association knew or should have known of the repeated verbal and physical assault and battery incidents occurring against" them. But what duty did they have other than calling the police, if there was potential or ongoing criminal activity? They do not tell us. They spend much time arguing about foreseeability of the harm, but foreseeability alone is not enough. (*McGarry v. Sax* (2008) 158 Cal.App.4th 983, 997–998.)

The admissible evidence we have before us is the declaration of an expert in homeowners associations, who stated under oath that an association's duty of care does not include mediating, deescalating, or resolving disputes between neighbors. Nor do Woolard and Hall cite any cases that have held differently. Instead, they cite two cases involving a landlord's duty to a tenant, *O'Hara v. Western Seven Trees Corp.* (1977) 75 Cal.App.3d 798 (duty to reasonably secure common areas against third party criminal activity), and a case involving a college's duty to a student, *Peterson v. San Francisco Community College Dist.* (1984) 36 Cal.3d 799 (duty to exercise reasonable care to prevent assaults on campus) that are both inapplicable here.

Further, there is the issue that Woolard and Hall were tenants, but not owners and members of the association. They are, accordingly, in a very limited relationship with Greenhouse (and Regent as its managing agent). They have no legal standing to maintain a complaint that Greenhouse failed to adequately enforce its own governing documents. (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1035-1038.)

Thus, Greenhouse's duties to Woolard and Hall are more limited than they would be if they were owners.

Woolard and Hall also contend that the trial court made "[c]onflicting rulings," referring to a motion for summary judgment brought by their landlords as to Smith and Thorne's claims against them. (Underline omitted.) Their landlords, however, are situated differently because their duties as landlords are different. Further, the fact that their landlords failed to meet their burden on summary judgment has no bearing on whether Regent and Greenhouse met theirs. They did, and Woolard and Hall failed to establish the existence of a duty as a matter of law. Their negligence claim cannot proceed without it.

Woolard and Hall's claims of "housing discrimination" are similarly flawed. First, any claim for housing discrimination is not negligence, and it should have been raised as a separate cause of action. Second, despite their repeated claims of "discrimination," they offer no evidence that any conduct by Regent or Greenhouse was *motivated* by discriminatory animus based on their membership in a protected class.

The only evidence Woolard and Hall point to are letters sent to them (or possibly their landlords). The letters they state establish discrimination include complaints about "family members engag[ing] in recreation activities in the driveway." Another stated that "it was reported that your children were playing in and around the driveway, in and out of the driveway in the path of the vehicles driving in the complex. No adult su[p]ervision was noticed, and in the September meeting you were informed that the driveways are never a play area and can be very dangerous, it is a

safety [issue]."[4] Greenhouse sending letters about this subject is simply insufficient to establish a triable issue regarding discrimination under state or federal law, even if it were possible to bring a discrimination claim under the guise of negligence, which it is not. Further, Woolard and Hall offer no connection between those complaints and the alleged violent incident that led to this lawsuit, which is required to proceed under a negligence cause of action.

In sum, there is simply no law to support Woolard and Hall's contentions that Regent and Greenhouse had some unspecified duty to do *something* to prevent what turned into an allegedly violent dispute. Imposing a duty on homeowners associations or their managing agents to intervene and attempt to resolve disputes between homeowners (or their tenants) would place an untenable burden on these entities. Run by volunteers, they already have enough (and some would argue too much) authority and responsibility. Associations do not have police powers or subpoena power. They cannot compel owners, much less tenants of owners, to sit down and work out their differences, and they cannot adjudicate differences except in the limited context of violations of the association's governing documents. There was evidence here, in the form of Griswold's declaration, that the Association properly responded to complaints about violations of governing documents that it received.

Imposing a duty under these facts would leave associations liable for the outcome of such disputes without the tools to prevent them. This

---

[4] Woolard and Hall also cite to e-mails sent by their landlord to the property manager about various subjects. The e-mails are mostly about other subjects, and their landlord's subjective views and hearsay statements are not admissible evidence of anything that might be helpful to them.

would leave ordinary homeowners holding the bag when special assessments were needed to pay judgments or attorney fees. Regent and Greenhouse played no part in the physical altercation at issue here and should never have been dragged into this dispute.

Accordingly, we find no existing duty of care was breached and decline to recognize a new duty of care requiring a homeowners association or its management company to involve itself in disputes between homeowners outside the confines of the governing documents. Summary judgment was properly granted as to both Regent and Greenhouse.

III.

DISQUALIFICATION

The requests for disqualification are not reviewable on appeal. "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding." (Code Civ. Proc., § 170.3, subd. (d); *Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063; *Daniel V. v. Superior Court* (2006) 139 Cal.App.4th 28, 39.) Woolard and Hall never sought writ review, and we have no jurisdiction to review this matter on appeal from a final judgment.

15

## DISPOSITION

The judgment is affirmed. Greenhouse and Regent are entitled to their costs on appeal.

MOORE, ACTING P. J.

WE CONCUR:

GOETHALS, J.

MOTOIKE, J.

Filed 12/20/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ERIC WOOLARD et al., | |
| Cross-complainants and Appellants, | G062897 |
| v. | (Super. Ct. No. 30-2020-01174210) |
| REGENT REAL ESTATE SERVICES, INC., et al., | ORDER GRANTING REQUEST FOR PUBLICATION |
| Cross-defendants and Respondents. | |

Attorney Johanna Deleissegues has requested that our opinion, filed on December 3, 2024, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

The opinion is ordered published in the Official Reports.


MOORE, ACTING P. J.

I CONCUR:


GOETHALS, J.


1