Filed 7/29/24  Maxwell v. West CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JULIE MAXWELL et al.,<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>SARA WEST,<br><br>    Defendant and Appellant. | H050542<br>(Santa Cruz County<br>Super. Ct. No. 20CV02138) |

Julie and Gavin Maxwell sued Sara West after a fire started in West's residence and spread to and destroyed the Maxwell residence.  The trial court granted plaintiffs' renewed motion for summary adjudication on their negligence cause of action, and plaintiffs voluntarily dismissed their remaining causes of action.  Defendant contends that plaintiffs should not have been permitted to renew their motion and that the trial court incorrectly found her to have been negligent per se.  For the reasons explained here, we will affirm the judgment.

## I.    FACTUAL BACKGROUND

The trial court recited the following evidence in its order granting summary adjudication, based on plaintiffs' separate statement of undisputed material facts: Defendant converted the lower portion of her residence into a rental unit in 1990.  She neither sought nor received the necessary permits, inspections, or certificate of occupancy for the rental unit.  The rental unit violated fire prevention provisions of the locally adopted Uniform Building Code (building code), requiring exterior walls within three

feet of a property line to be one-hour fire rated and prohibiting windows in such walls. Defendant acknowledged that her property and plaintiffs' property shared a "zero lot-line." It appears from the record that an exterior wall of defendant's structure was within three feet of the shared property line.

A fire started in defendant's rental unit at about 4:00 a.m. According to defendant's deposition testimony, the fire completely engulfed her house and spread to plaintiffs' home within 15 minutes. When firefighters arrived, the fire had already spread through the rental unit's windows and ignited plaintiffs' adjacent residence. Despite firefighters' efforts, the fire destroyed both residences.

## II. PROCEDURAL HISTORY

Plaintiffs' complaint alleges three causes of action: negligence, trespass, and negligence based on res ipsa loquitur. This appeal concerns only the negligence cause of action, which alleges that defendant breached her duty to prevent an uncontrolled fire from starting at her residence and spreading to plaintiffs' residence.

Both parties moved for summary judgment as to negligence. Plaintiffs sought to amend their motion to assert negligence per se based on newly discovered evidence regarding the rental unit's building code violations. Because an amendment would be untimely, plaintiffs voluntarily withdrew the negligence per se theory and requested leave to renew their motion.

The trial court heard and denied the parties' initial summary judgment motions in February 2022. The same day, the court and parties agreed to a return date for plaintiffs' renewed motion, which they made two days later.

The notice of renewed motion and counsel's supporting declaration stated it was based on new facts, law, and circumstances. (Code Civ. Proc., § 1008, subd. (b).) The new circumstances included identifying "which fire codes Defendant had violated." The renewed motion asserted negligence per se based on the rental unit's building code violations, as well as alternative theories of liability based on res ipsa loquitur and Public

2

Resources Code section 4435 [relating to negligent maintenance or operation of any "device which may kindle a fire"].

Plaintiffs attached excerpts from the applicable building code that required any exterior wall within three feet of a property line to be one-hour fire rated and have no windows. Plaintiffs cited evidence that the rental unit did not comply with those requirements and that no permits had been sought or issued for the rental unit. Plaintiffs also cited evidence that the fire spread through the rental unit's windows and ignited their house in under five minutes.

In her opposition papers, which were filed and served several days late, defendant argued that the trial court was required to deny the renewed motion because plaintiffs had failed to comply with the affidavit requirements of Code of Civil Procedure section 1008, subdivision (b). She contended that as a result the trial court lacked jurisdiction to allow a renewed motion. Defendant also argued that the complaint failed to plead a negligence per se theory. With respect to the code violations, defendant asserted plaintiffs had failed to show that "any theoretical failure to comply with building codes was a substantial factor in causing or contributing to the fire" and had failed to provide evidence that the construction of the rental unit was not code compliant. Defendant objected to a fire department report as inadmissible hearsay, and to the evidence regarding building code violations both as inadmissible hearsay and as inadmissible lay speculation. Defendant filed an expert declaration one day after her opposition papers, which was not referenced in her separate statement.

The trial court granted summary adjudication for plaintiffs on the negligence cause of action. Relying on the evidence of building code violations, the trial court found that plaintiffs had "met their burden of showing that there is no defense to a cause of action by proving each element of the cause of action for negligence (per se)." The court rejected defendant's argument that plaintiffs were required to prove the fire's cause in order to establish negligence per se, reasoning that the cause of the fire was irrelevant.

3

Consistent with that reasoning, it found the fire department report lodged by plaintiffs was "not required to support the cause of action for negligence per se," but nonetheless overruled defendant's hearsay objection to the report. The court refused to consider the declaration from defendant's expert about the building code violations because his opinions appear nowhere in defendant's separate statement. Finally, the trial court rejected defendant's argument that the renewed motion was an improper motion for reconsideration, noting plaintiffs had demonstrated that the renewed motion was based on the newly discovered fact that defendant had failed to build a one-hour fire wall as required by law. The court also noted that nothing prohibited it from reconsidering a previous order on its own motion.

After denying plaintiffs' motion for cost of proof sanctions, the trial court dismissed the remaining causes of action and entered judgment in the amount of $380,642.69, including prejudgment interest.

### III.    DISCUSSION

#### A. PROCEDURAL ARGUMENTS ON APPEAL

##### 1.  No Abuse of Discretion in Permitting Plaintiffs' Renewed Motion

Defendant argues the trial court should not have permitted plaintiffs to make a renewed motion for summary judgment because plaintiffs failed to comply with the affidavit requirements of Code of Civil Procedure sections 1008, subdivision (b) and 437c, subdivision (f)(2). (Unspecified statutory references are to the Code of Civil Procedure.) Section 1008, subdivision (b) authorizes a party to renew a previously filed motion "based upon new or different facts, circumstances, or law." The renewing movant must provide a satisfactory explanation for not having produced the new facts, circumstances or law at an earlier time. (See, e.g., *Baldwin v. Home Savings of America* (1997) 59 Cal.App.4th 1192, 1198–1199; *Foothills Townhome Assn. v. Christiansen* (1998) 65 Cal.App.4th 688, 692–693, fn. 6.) The Supreme Court determined in *Le Francois v. Goel* (2005) 35 Cal.4th 1094 that although sections 437c, subdivision (f)(2)

and 1008 "limit the parties' ability to file repetitive motions," they "do not limit the court's ability, on its own motion, to reconsider its prior interim orders so it may correct its own errors." (*Le Francois*, at p. 1107.) And trial courts retain inherent authority to allow a party to file "repetitive motions" for summary judgment or adjudication even where such procedural requirements are not satisfied. (*Marshall v. County of San Diego* (2015) 238 Cal.App.4th 1095, 1105–1106.) We review for abuse of discretion the decision to permit renewal of an earlier motion. (*Westmoreland v. Kindercare Education LLC* (2023) 90 Cal.App.5th 967, 976.)

Beyond merely disagreeing with the trial court's decision to allow the renewed motion, defendant fails to allege any particular abuse, miscarriage of justice or deprivation of procedural protections afforded to an opponent of summary judgment. To the extent she objects to plaintiffs' counsel filing a supporting declaration rather than an affidavit, a declaration signed under penalty of perjury is equivalent for purposes of the renewed motion. (See § 2015.5 [a matter that must be supported by an affidavit may be established by a declaration made under penalty of perjury].) Defendant also was provided the full 75 days' notice and a separate statement of material facts. (Compare with *Torres v. Design Group Facility Solutions, Inc.* (2020) 45 Cal.App.5th 239, 243 [granting reconsideration based on new evidence and at the same time granting summary judgment deprived non-moving party of due process right to respond to new evidence under section 437(c)].) Defendant has not demonstrated an abuse of discretion in allowing plaintiffs' renewed motion.

### 2. Plaintiffs Were Not Required to Specifically Plead Negligence Per Se

Defendant challenges summary adjudication on a negligence per se theory because that theory was not framed by the pleadings. " 'Courts are encouraged to take a liberal approach in determining the scope of the pleadings, so long as those pleadings provide adequate notice to the opposing party of the theories on which relief is generally being sought.' " (*Jones v. Awad* (2019) 39 Cal.App.5th 1200, 1211 (*Jones*).) " 'The test is

5

whether such a particular theory or defense is one that the opposing party could have reasonably anticipated would be pursued, and whether a request for leave to amend accordingly would likely have been granted.' " (*Ibid*.) Negligence per se is not an independent tort; it raises an evidentiary presumption of negligence when violation of a statute, ordinance, or regulation proximately causes death or injury to someone protected by the enactment. (*Quiroz v. Seventh Ave. Ctr.* (2006) 140 Cal.App.4th 1256, 1285–1286; *Johnson v. Honeywell Internat. Inc.* (2009) 179 Cal.App.4th 549, 555.) Negligence per se "can be applied generally to establish a breach of due care under any negligence-related cause of action." (*Jones*, at pp. 1210–1211.) The doctrine of negligence per se is therefore "within the scope of pleadings that allege general negligence, as proof of a breach of duty is not limited to common law standards of care." (*Id*. at p. 1211)

Plaintiffs' first cause of action is titled "Negligence" and alleges defendant had "a duty to prevent an uncontrolled fire from starting at her residence that could in any manner threaten plaintiffs' property"; defendant "negligently allowed a fire to start" at her residence; and "[t]he fire grew to such a size that it spread to neighboring properties, including plaintiffs[']." Plaintiffs' second cause of action for Trespass similarly alleges defendant negligently allowed a fire that started on her property to escape onto plaintiffs' property. These allegations are sufficient to place defendant on notice of the potential application of negligence per se. And negligence per se was unambiguously raised in plaintiffs' summary judgment motion, which cited Evidence Code section 669 (regarding negligence per se) and identified specific building code violations. Defendant also was aware of plaintiffs' negligence per se theory before the renewed motion, as plaintiffs raised and detailed the theory before voluntarily withdrawing their initial motion.

Nor were plaintiffs required to amend their complaint to specifically plead negligence per se as a separate cause of action before renewing their motion. All of the decisions defendant cites for the contrary proposition—*Government Employees Ins. Co.*

6

*v. Superior Court* (2000) 79 Cal.App.4th 95, 96; *Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1258; *Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 493; and *Jacobs v. Coldwell Banker Residential Brokerage Co.* (2017) 14 Cal.App.5th 438—hold that a plaintiff cannot defeat a *defendant's* summary judgment motion by asserting negligence per se unless that theory was sufficiently pleaded in the complaint to give the *defendant* notice of that theory of liability. We find these authorities inapplicable here.

## B. CHALLENGES TO EVIDENTIARY RULINGS

### 1. The Trial Court Properly Excluded Defendant's Expert Declaration

Defendant contends the trial court abused its discretion by excluding the defense expert's declaration on the basis that evidence from that declaration was not included in defendant's separate statement of undisputed material facts. Defendant contends the declaration provides conflicting evidence on issues the trial court relied on in granting summary adjudication based on negligence per se.

Section 473c, subdivision (b)(3) requires that an opposition to summary judgment "shall set forth plainly and concisely any other material facts the opposing party contends are disputed." Further, "[f]ailure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion." (*Ibid.*) Whether to consider evidence not referenced in a party's separate statement is a matter for the trial court's discretion, which we review for abuse of that discretion. (*San Diego Watercrafts, Inc. v. Wells Fargo Bank.* (2002) 102 Cal.App.4th 308, 316.) An important consideration is whether the opposing party has had sufficient notice of the evidence it must refute. (*Varshock v. Department of Forestry & Fire Protection* (2011) 194 Cal.App.4th 635, 653.)

Defendant does not dispute that the expert declaration is not referenced in her separate statement. The expert declaration was also untimely filed. The original hearing date on the renewed motion was scheduled for May 6, 2022; the reply brief was due

7

April 29, 2022, and the opposition was due April 22, 2022. (§ 437c, subd. (b)(2), (b)(4).) The trial court continued the hearing to May 12, 2022 due to a medical issue. But the order continuing the hearing states, "Opposition and reply deadlines shall remain as per the original hearing date." Defendant nonetheless did not file her opposition materials (which did not mention the expert) until April 26, and the expert declaration was filed April 27—two days before plaintiffs' reply was due. Given that defendant's own tardiness significantly reduced plaintiffs' notice of the content of the expert declaration, on this record defendant has not demonstrated an abuse of discretion in excluding the evidence.

### 2. Defendant Forfeited Her Challenge to the Fire Department Report

Defendant challenges both the trial court's decision to admit hearsay contained in the fire department report (specifically the investigator's theory regarding the fire's cause) and the related decision that the hearsay was irrelevant to a negligence per se determination. Defendant does not explain how she was prejudiced by the court ultimately *not* considering the hearsay to which she objected. In any event, defendant has forfeited this evidentiary argument by failing to provide us with relevant legal authority or analysis. Even if we were to consider the argument, she fails to establish that the trial court's admitting the report yet disregarding the purported hearsay contained in it was an abuse of discretion. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)

### C. THERE ARE NO TRIABLE ISSUES OF FACT CONCERNING NEGLIGENCE PER SE

Summary adjudication is appropriate when there is no triable issue of any material fact such that the moving party is entitled to judgment as a matter of law on the relevant cause of action. (§ 437c, subds. (c), (f)(1), (p)(1); see *Jones v. Wachovia Bank* (2014) 230 Cal.App.4th 935, 945.) Although we review an order granting summary adjudication de novo, the appellant nevertheless bears the burden of showing error on appeal. (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 455.)

8

It is well established that to prevail on a cause of action for negligence, the plaintiff must show the defendant had a duty to use due care, the defendant breached that duty, and the breach was the proximate or legal cause of the plaintiff's resulting injury. (*Brown v. USA Taekwondo* (2021) 11 Cal.5th 204, 213 (*Brown*).) Plaintiffs here sought summary adjudication on a negligence per se theory under Evidence Code section 669, which "provides for the application of a rebuttable presumption that a breach of the legal duty of due care has occurred where there has been a violation of a statute, ordinance or regulation." (*Haytasingh v. City of San Diego* (2021) 66 Cal.App.5th 429, 468 (*Haytasingh*).) A presumption of negligence may arise "whether the law violated is a state statute, a safety order, an administrative regulation, or a local building code provision." (*Ritter & Ritter, Inc. Pension & Profit Plan v. The Churchill Condominium Assn.* (2008) 166 Cal.App.4th 103, 119.)

### 1. No Triable Issue as to Duty

Defendant contends plaintiffs did not establish that she owed them a duty. The scope of duty is a question of law we review de novo. (See *Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1142–1143 (*Kesner*).)

Although the presumption of negligence created by Evidence Code section 669 concerns the *standard* of care, rather than the *duty* of care (*Millard v. Biosources, Inc.* (2007) 156 Cal.App.4th 1338, 1353; *California Service Station Etc. Assn. v. American Home Assurance Co.* (1998) 62 Cal.App.4th 1166, 1177 [collecting cases]), statutes, orders, regulations, and similar enactments may be used by the court to establish a standard or duty of care in negligence actions. (*Gravelin v. Satterfield* (2011) 200 Cal.App.4th 1209, 1218.) "A duty of care can also be grounded in—and hence 'borrowed' from—the public policy embodied in a legislatively enacted statute or ordinance." (*Issakhani v. Shadow Glen Homeowners Assn., Inc.* (2021) 63 Cal.App.5th 917, 929 (*Issakhani*).) The focus remains whether a defendant owes a duty of care to the injured person, and the existence of a relevant statute is merely one

9

factor in determining the existence of a duty. (*California Service Station Etc. Assn. v. American Home Assurance Co.*, at p. 1178.)

In its written order granting summary adjudication, the trial court found defendant owed plaintiffs a duty of care under Health and Safety Code section 13007. We note the court's order used ellipses to quote that section as follows: " 'Any person who … negligently … allows fire to … escape to, the property of another … is liable to the owner of such property for any damages to the property caused by the fire.' " But that section conditions liability on a person setting a fire or allowing a fire to be set. Properly quoted in full the section provides: "Any person who personally or through another willfully, negligently, or in violation of law, sets fire to, allows fire to be set to, or allows a fire kindled or attended by him to escape to, the property of another, whether privately or publicly owned, is liable to the owner of such property for any damages to the property caused by the fire." (Health & Saf. Code, § 13007.) Because plaintiffs did not present evidence that defendant either set or allowed the fire to be set, the trial court incorrectly relied upon Health and Safety Code section 13007 as the source of defendant's duty.

We invited supplemental briefing about whether and under what authority defendant owed plaintiffs a duty of care. Plaintiffs asserted alternative bases for defendant's duty in the trial court, including a general duty under Civil Code section 1714, subdivision (a), which provides: "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person." The statute establishes the default rule that each person has a duty " 'to exercise, in his or her activities, reasonable care for the safety of others.' " (*Brown*, *supra*, 11 Cal.5th at pp. 213–214.) A " 'landowner's duty of care to avoid exposing others to a risk of injury is not limited to injuries that occur on premises owned or controlled by the landowner.' " (*Kesner*, *supra*, 1 Cal.5th at p. 1159.) " 'Rather, the duty of care encompasses a duty to avoid exposing persons to risks of injury that occur off site if the landowner's property is

10

maintained in such a manner as to expose persons to an unreasonable risk of injury offsite.' " (*Ibid*.) Liability " 'for harm caused by substances that escape an owner's property is well established in California law.' " (*Ibid*.) Courts " 'have consistently held private persons liable for negligently setting fires and for negligently allowing fires to escape to others' properties.' " (*Id*. at p. 1160.) We conclude defendant owed plaintiffs a duty of care.

Defendant asserts that, in order to determine the existence of duty, the trial court was required to analyze the factors set forth in *Rowland v. Christian* (1968) 69 Cal.2d 108 (*Rowland*). The Supreme Court reaffirmed in *Rowland* "the basic policy of this state set forth by the Legislature in section 1714 of the Civil Code … that everyone is responsible for an injury caused to another by his want of ordinary care or skill in the management of his property." (*Rowland*, at pp. 118–119.) But the so-called *Rowland* factors are not designed to establish a duty, but rather to determine whether particular circumstances warrant limiting an existing duty, such as the general duty under Civil Code section 1714, subd. (a). (*Ibid*.; *Brown*, *supra*, 11 Cal.5th at p. 217 [*Rowland* factors consider whether to justify a categorical exception to the duty to protect].)

Defendant's duty of care to plaintiffs can also be discerned in the public policy embodied in the building code. The trial court took judicial notice of the county ordinance adopting the Uniform Building Code (with certain amendments not relevant here). The ordinance states its purpose is "to provide minimum standards to safeguard life or limb, health, property and public welfare by regulating and controlling the design, construction, quality of materials, use and occupancy, location and maintenance of all buildings … within this County." Fire safety is a core objective of governmental building standards. (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 465.) The prescribed safety features for buildings impose a duty of compliance on property owners. (*Finnegan v. Royal Realty Co.* (1950) 35 Cal.2d 409, 423.) We observe that as occupants of residential units in close proximity, plaintiffs are among the class for whose protection

11

the building code was adopted.  Similarly, the fire damage to plaintiffs' residence is among the harms that building regulations were designed to prevent.  (*Issakhani*, *supra*, 63 Cal.App.5th at p. 931.)

## 2.  No Triable Issue as to Breach

Plaintiffs offered evidence that defendant's rental unit violated the building code, which raised a rebuttable presumption that a breach of the duty of due care occurred.  (Evid. Code, § 669; *Haytasingh*, *supra*, 66 Cal.App.5th at p. 468.)  We see no evidence in the record offered to rebut that presumption.  (Evid. Code § 669, subd. (b)(1).)  Defendant herself confirmed that the rental unit was less than three feet from plaintiffs' property, which under the building code required the nearest exterior wall of the rental unit to be windowless and 1-hour fire rated.

## 3.  No Triable Issue as to Causation

To be considered a proximate cause of injury, defendant's acts must have been a substantial factor contributing to the injury.  (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 969.)  Although causation is generally a factual determination, it may be decided as a question of law if " 'under the undisputed facts, there is no room for a reasonable difference of opinion.' "  (*Onciano v. Golden Palace Restaurant, Inc.* (1990) 219 Cal.App.3d 385, 395.)

The building code requires that certain exterior walls be able to withstand fire for up to one hour and prohibits the placement of windows through which fire could spread to nearby structures.  Uncontroverted evidence established that defendant's rental unit had multiple windows in the exterior wall adjacent to plaintiffs' residence.  The same evidence, including defendant's testimony, showed the fire spread within 15 minutes through the rental unit's windows to plaintiffs' residence, which was already "fully involved" by the time firefighters arrived and therefore could not be saved from destruction.  The foregoing established that the building code violations were a substantial factor in plaintiffs' injury.  As defendant presented no admissible evidence to

12

the contrary, this record leaves no room for a reasonable difference of opinion about proximate causation.

### 4. No Triable Issue as to Damages

Plaintiffs established damages through a declaration regarding their costs to rebuild their residence and their associated fire-related expenses.  Defendant argues no evidence proves she is personally responsible for starting the fire, which would preclude liability under either Health and Safety Code section 13007 or Public Resources Code section 4435.  But as we have discussed, whether either of those statutes applies is ultimately irrelevant:  Defendant's duty to plaintiffs arose under Civil Code section 1714, and the rental unit's building code violations provided the basis for the trial court's finding of negligence per se.  Defendant's arguments based on res ipsa loquitur are likewise irrelevant because the trial court did not rely on that theory in granting summary adjudication.

## IV.   DISPOSITION

The judgment is affirmed.  As the prevailing party on appeal, plaintiffs are awarded their costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

13

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

H050542
*Maxwell et al. v. West*